**In the Matter of Clayton KOCK and Marilyn Kock, Debtors.**

**FIRST NATIONAL BANK AND TRUST COMPANY OF FREMONT, FREMONT, NEBRASKA, Plaintiff,**

v.

**Kenneth SHREVES, Trustee and Clayton Kock and Marilyn Kock, Defendants.**

**Bankruptcy No. BK80–375.**
**Adv. No. A80–387.**

United States Bankruptcy Court, D. Nebraska.

May 28, 1982.

Thomas B. Thomsen, Fremont, Neb., for plaintiff.

Richard L. Kuhlman, Fremont, Neb., for defendants.

MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

In this adversary proceeding, plaintiff First National Bank & Trust Company of Fremont, objects to the discharge of Clayton and Marilyn Kock pursuant to 11 U.S.C. § 727(a)(2) which denies an individual a discharge if the debtor,

" . . . with intent to hinder, delay, or defraud a creditor . . ., has transferred . . . (A) property of the debtor, within one year before the date of the filing of the petition;"

At the heart of this controversy are two mortgages given to Mrs. Kock's parents by the debtors on real estate owned by them. Each of the mortgages is dated February 22, 1979. One mortgage, described as a second mortgage on the real estate, was given in consideration of a $12,000 loan made by Harold and Elly Sherwood to Mr. and Mrs. Kock. Mr. and Mrs. Sherwood are Mrs. Kock's parents. The other real estate mortgage in the amount of $21,000 was made in consideration of a prior loan by the Sherwoods to the Kocks. Each of the mortgages was recorded on March 2, 1979, in the Register of Deeds' office for the county in which the real estate was located. An involuntary petition under Chapter 7 was filed against Mr. and Mrs. Kock on February 29, 1980. A subsequent order for relief under Chapter 7 was entered on the involuntary petition.

A threshold question is whether the transfer here involved occurred within a year prior to the filing of the involuntary petition as required by § 727(a)(2). No definition of when a transfer is deemed to have occurred is contained in § 727. In general a transfer is defined in 11 U.S.C. § 101(40) as:

"... every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest."

Unlike 11 U.S.C. § 547(e), which defines when transfers are deemed to occur for purposes of determining whether preferences are avoidable, and 11 U.S.C. § 548(d), which defines when transfers are deemed to have occurred for the purpose of avoiding fraudulent transfers, § 727 does not attempt to define the time when a "transfer" takes place.

Sub-part (2) of § 727(a) premises denial of discharge on certain conduct of the debt-

or in relation to his assets and creditors if done with "intent to hinder, delay or defraud." Thus, one of the principal points of focus in litigation involving that sub-section involves certain conduct coupled with an appropriate guilty state of mind. That suggests to me that the "transfer" which is contemplated by § 727(a)(2) focuses on the time of the debtor's activity and not when the activity is somehow fully-insulated from the claims of other creditors. The conclusion resulting from the foregoing is that a "transfer" for the purpose of § 727(a)(2) occurs when, in this case, the mortgage is given by the debtors and not when it is perfected by the mortgagee by filing in the Register of Deeds' office. Resulting from the foregoing is the conclusion that the Sherwood mortgages were given more than one year prior to the filing of the involuntary petition and that the basis for objecting to the discharge occurred outside the statutory period, even though the mortgages were recorded within the one-year period.

A separate judgment is entered in accordance with the foregoing.